

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 26, 2019**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. **19-33256-SGJ** |
| | § | |
| **CYNTHIA SANTOS** | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | JUDGE STACEY G.C. JERNIGAN |

## MEMORANDUM OF OPINION
## AND ORDER DISMISSING UNAUTHORIZED BANKRUPTCY FILING

On November 18, 2019, the Court called for hearing the Chapter 13 Trustee's Motion to Dismiss and Motion for Show Cause Order. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This Memorandum of Opinion and Order Dismissing Unauthorized Bankruptcy Filing constitutes the Court's findings of facts and conclusion of law pursuant to Fed. R. Bankr. R. 7052 and 9014.

Thomas Powers, Chapter 13 Trustee appeared.  Cynthia Ramos f/k/a Cynthia Santos appeared Pro Se, Steven Le appeared individually and represented by Corbet Bryant and Gabriel Santos appeared Pro Se. Cynthia Ramos, Steven Le and Gabriel Santos gave testimony.

This case was commenced by the filing of a Petition for relief under Chapter 13 (the "Petition") on September 30, 2019.  The Petition is signed by Steven Le as attorney and purports to bear the signature of Cynthia Santos (the "Purported Debtor").  Additionally, Bankruptcy Schedules, Statement of Financial Affairs and other bankruptcy pleadings ("Bankruptcy Pleadings") were filed purporting to bear the signature of the Purported Debtor.

The Purported Debtor is the ex-wife of Gabriel Santos. On October 2, 2019, the Purported Debtor received a notice from her credit reporting service that a bankruptcy had been filed under her name.  Further inquiry revealed that Steven Le had filed the Petition and Bankruptcy Pleadings in her name.

The Chapter 13 Trustee filed his Motion to Dismiss and Motion for Show Cause Order on October 8, 2019.  Steven Le filed a Motion for Expunction on October 11, 2019 stating the Purported Debtor agreed with the expunction relief requested. The Motion for Expunction is set for hearing at a later date; however, at the conclusion of this hearing, the parties agreed the Motion for Expunction was moot in light of this ruling.

Steven Le testified he was contacted by Gabriel Santos the week of September 23, 2019. Gabriel Santos had previously filed several Chapter 13 bankruptcies and was prohibited by Court Order from filing another Chapter 13 bankruptcy.  Gabriel Santos' home was set for foreclosure on October 1, 2019.  He advised Steven Le that the Purported Debtor was liable on the mortgage and deed of trust the lender was foreclosing on and she was willing to file a Chapter 13 bankruptcy to stop the foreclosure.  Steven Le received emails purportedly from the Purported Debtor stating she was out of town at a funeral and could not come to his office but she agreed to the filing of the Petition. Steven Le thereupon prepared and filed the Petition and Bankruptcy Pleadings without the Purported Debtor's signature the day before the scheduled foreclosure.

The Purported Debtor testified she did not authorize the filing of the Petition in her name or on her behalf, she did not sign the Petition or Bankruptcy Pleadings, she is employed by a financial institution and her employment is threatened by the bankruptcy case filing and the filing of the case will damage her credit rating. The Purported Debtor further testified that she has been divorced from Gabriel Santos for approximately ten years and that the divorce decree awarded Gabriel Santos the home and full responsibility for the mortgage.  Steven Le testified he filed the Petition and Bankruptcy Pleadings without obtaining the Purported Debtor's signature and that he did so at the urging of Gabriel Santos and the emails he received. Gabriel Santos testified he in fact contacted the Purported Debtor, that in their phone conversation she agreed to the filing of the Petition and later sent information to him by email. Portions of Gabriel Santos' testimony contradict the testimony of the Purported Debtor and Steven Le. However all of the witnesses testified the Purported Debtor did not sign the Petition and Bankruptcy Pleadings.

The Court finds as a matter of law the filing of the Petition was not authorized. The Court reserves the right to make additional findings after it hears evidence in the Show Cause hearing on February 3, 2020. 11 U.S.C. § 105 provides "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 301 provides an order for relief is granted when a voluntary case is commenced by the filing of a petition by a debtor. This case is not a voluntary case.

The Court, pursuant to 11 U.S.C. §105, directs the Clerk to create a "flag" which states "UNAUTHORIZED BANKRUPTCY FILING  - IDENTITY THEFT VICTIM" and to associate that flag with the case and make it publicly and prominently viewable whenever the Case information is electronically accessed. The Court also directs the Clerk to make the following docket entry for this Memorandum Opinion and Order Dismissing Unauthorized Bankruptcy Filing: "Memorandum Opinion and Order Dismissing Unauthorized Bankruptcy Filing, finding that Cynthia Ramos, f/k/a Cynthia Santos, is an identity theft victim and did not authorize the filing of the Case, and granting other relief".

For the foregoing reasons, it is

ORDERED, that the Clerk take the action specified in this Memorandum Opinion and Order Dismissing Unauthorized Bankruptcy Filing, within five days hereof, and it is further

ORDERED that the Court retains jurisdiction to hear, adjudicate and order relief in the Show Cause hearing on February 3, 2020, and it is further

ORDERED that this Case may be closed by the Clerk on or after the fourteenth day from the entry of this Memorandum Opinion and Order.

## END OF ORDER ##